EDWARD PRICE v. JOHN H. SMITH, DAVID SANDERSON and others.

Where a lease is made by the mortgagor subsequent to the mortgage, the mortgagee is not entitled to an account in equity against the tenant for the rents.

THE bill was filed for the foreclosure of a mortgage given by John H. Smith and wife to the complainant, bearing date on the

[Price v. Smith et al.]

first day of March, 1836, to secure the payment of sixteen thousand dollars. It charges, that after the execution of the mortgage, the mortgagor, on or about the 26th day of October, 1836, by demise in writing leased the mortgaged premises to David Sanderson for the term of two years : that Sanderson underlet the said premises to one Phebe Meeker, who is now in the actual occupation of the same. That on the 27th of March, 1837, the mortgagor and his wife conveyed the equity of redemption in the said mortgaged premises to Elias Coriell, and assigned to him all his interest in the lease to David Sanderson. That on the 24th of May, 1837, Elias Coriell conveyed the equity of redemption in the said mortgaged premises to Anna Coriell, and assigned to her all his interest in the lease to Sanderson, who now holds the same and has received from the said Sanderson all the rent accrued upon the lease since the assignment thereof to her. The bill, in addition to the usual prayer for foreclosure, prays that the said Anna Coriell, David Sanderson and Phebe Meeker, may be decreed to account and pay over to the complainant the rents and profits accruing from the said mortgaged premises, to be applied towards the payment of the moneys due on the complainant's mortgage, and that each of them be enjoined and restrained from receiving or paying over the said rents and profits, or any part thereof, to any other person or for any other purpose.

Upon filing the bill, an injunction issued by order of the chancellor, to restrain the payment of the rents which should accrue after filing the bill to, or receiving payment thereof by, any other person than the complainant. David Sanderson, one of the defendants, filed a general demurrer to the bill. The cause was set down for hearing upon the demurrer.

*F. B. Chetwood* and *I. H. Williamson,* for complainant.

*B. Williamson* and *S. Scudder*, for defendant.

THE CHANCELLOR. A single question is presented by this demurrer, and that is, whether a mortgagee can in this court

claim of a tenant of the mortgagor, upon a lease made subsequent to the mortgage, the rent, after notice given of the existence of the mortgage and demand of payment. The bill charges, that John H. Smith, the mortgagor, after the execution of the mortgage, leased the same premises to David Sanderson, and that the complainant has applied to him to pay him the rent towards satisfying the mortgage. The bill prays an account against Sanderson for the rent, and that he may be decreed to pay over the same in liquidation of complainant's debt. To this part of the bill Sanderson has filed a general demurrer, which brings the question up fairly for decision.

No principle is better established in equity than that until a foreclosure, the mortgage is a mere security for the debt, a chattel interest, and the mortgagor the owner of the fee. In case of the mortgagor's death, the lands descend to his heirs. On the death of the mortgagee, his personal representatives are the proper parties on a bill filed to foreclose the same, and the money, when collected, goes into his personal estate. As between the mortgagor and mortgagee it is equally well settled, that the *mortgagor* cannot be made to account for the rents and profits. This being so well established as not to be even controverted on the argument, it would seem strange that in any case the *tenant* of the mortgagor should be liable to account. If the mortgagor is the owner of the fee and may lease the premises, and cannot himself be made answerable for the rents while he remains in possession, why should his tenant?

Could this mortgagee recover the rent of the tenant at law? In the case of *Souders* v. *Vansyckle and Garrison*, 3 *Halsted*, 313, the supreme court of this state decided that he could not. There certainly is no privity either of contract or estate between the mortgagee and the tenant. If the tenant had attorned to the mortgagee, which he is authorized to do after the mortgage has become forfeited, by the provisions of the twelfth section of the act of this state concerning landlords and tenants, (*Rev. Laws,* 192,) the case might be varied. Then he would be acting on the consent of the tenant and with his acknowledgment of the

mortgagee as his landlord, but in the present case the proceeding is altogether adverse. The decisions in the state of New-York have been uniform against the right of the mortgagee to maintain this suit or to distrain on the tenant for rent: *Jackson* v. *Fuller,* 4 *John. Rep.* 215; *McKircher* v. *Hawley,* 16 *John. Rep.* 288; *Jones* v. *Clark,* 20 *John. Rep.* 60.

In *Moss* v. *Gallimore and another, Douglass,* 279, a leading case, it was held that a mortgagee might claim the rent of the tenant, but there the lease was made *before* the mortgage. In such case all the mortgagor's right to the lease passed to the mortgagee, and without this power over the tenant, as his right is prior to the mortgage, he could not be dispossessed, and might retain the possession and delay the mortgagee from recovering his debt or interest for the term of his lease. I am referred by complainant's counsel to a late case in 9 *Barnewall and Cresswell,* 245, the case of *Pope and another* v. *Biggs,* reported in 17 *Eng. Com. Law,* 368. That was a case at law, and the reasoning of the judges is certainly opposed to the current of decisions on this subject. Yet that case is not like the present. There the mortgagor had become insolvent, and the tenant had, upon notice, voluntarily paid the rent to satisfy the mortgages which were prior to the lease. The action was brought by the assignees of the bankrupt mortgagor, against the tenant, for the same rent, and the court protected him from a recovery by reason of the payments he had made. The tenant paid voluntarily, it was no adversary proceeding as to him. This very distinction is recognized in the opinion of chief justice Spencer, in the case in 20 *John. Rep.* before referred to. The tenant in such case is considered as having attorned to the mortgagee, and as the tenant might be turned out of possession by ejectment and exposed to costs, it is declared to be his right to attorn without the imputation of disloyalty to the mortgagor.

But if the mortgagee might at law sue for and recover the rent, it would not follow that this court would interfere. That he has such remedy at law, would rather furnish a reason why he should go there. I am well satisfied that in a case like the present,

[Price v. Smith et al.]

where the lease is subsequent to the mortgage, no account can be had against the tenant in this court for the rents. No case of the kind is cited. Nor can any serious injury arise, as the party by his ejectment may dispossess the tenant, and thereby entitle himself to the rents and profits at law. This view appears to me most consistent with the general relations established in all courts of equity to exist between the mortgagor and mortgagee, treating the former as the owner of the property, entitled to the rents and profits and enjoyment of the same until the mortgagee claims and asserts his right to possession by action at law, or by foreclosure in this court. It is also in accordance with the decisions in the supreme court of this state and of the state of New-York, and with the current of the English cases. I am also informed that in the case of *Edward I. Earl* complainant and *John G. Benson and others* defendants, in this court, a decision was made in the time of chancellor Williamson coming to the same result, but as that case is not reported I have not been able to see the opinion or avail myself of the views there taken.

The demurrer must be sustained, with costs.