FRANCES MARIE KENNEY, complainant-respondent,

*v.*

149 NORTH AVENUE CORPORATION, a corporation of New Jersey, et al., defendants-appellants.

[Argued October 23d, 1933.   Decided February 2d, 1934.]

*Mr. Winfield S. Angleman,* for the appellant.

*Mr. Vincent D. Manahan, Jr.,* receiver, *pro se.*

The opinion of the court was delivered by

PERSKIE, J.   This appeal brings up for review an order made on June 5th, 1933, upon the advice of Vice-Chancellor Berry, adjudging that Thomas M. Muir pay to Vincent D. Manahan, Jr., receiver, "the sum of one hundred twenty-five

dollars rent for the month of March, 1933" * * * and Muir was further required "to pay the said receiver the sum of one hundred and twenty-five (125) dollars per month as it accrues, until the termination of his lease, the termination of this suit, or the further order of this court."

The record submitted is not as helpful as it should be or as we would like to have it. Neither the mortgage nor the lease, both of utmost importance on this appeal, is printed in the record and neither appears to have been produced below.

Out of the record submitted we gather that the complainant was in the process of foreclosing a mortgage on premises in the city of Plainfield, the mortgage having been executed to her by King Housing Corporation on November 30th, 1928. After the making of the mortgage, the King Housing Corporation leased the property on August 12th, 1930, to Thomas M. Muir, for a term of one year, beginning September 1st, 1930, at the annual rental of $1,200, payable $100 monthly in advance. An extension was endorsed on the lease for a period of two years commencing September 1st, 1931, and expiring August 31st, 1933, increasing the rental to $125 monthly in advance. The interest on the mortgage seems to have become due December 1st, 1932, and was not paid. The indications are, although it is not clearly stated, that there was a 30-day interest default clause, making the mortgage in default if not paid on or before December 31st. The interest was not paid on or before the latter date. On March 1st, 1933, the rent receiver, appointed in the foreclosure suit, demanded payment from Muir of the sum of $125 for the month of March and Muir refused to pay, stating that he had paid the rent for the months of February and March in advance to a Jacob J. Schwartz, agent for 149 North Avenue Corporation. Diligently searching the record, we come to the conclusion that the last named corporation had meanwhile become the owner of the property. It appears that on January 3d, 1933, Schwartz and Muir entered into an agreement whereby the rent should be reduced to $75 per month, and advance payment, including the month of March, 1933, was made to Schwartz. The agreement is in the following form:

"For and in consideration of the present economic condition and repeated requests of the tenant for reduction in rent and in consideration of the payment now of the rent at the reduced rate as herein named for the months of February and March, 1933, the balance of the rent under the within lease beginning with the rent for the month of February, 1933, is hereby reduced to seventy-five ($75) dollars per month, and the receipt of one hundred fifty ($150) dollars, being the rent for February and March, 1933, is hereby acknowledged.

Witness the hand and seal of the landlord this third day of January, 1933.

> J. J. SCHWARTZ, *agent*,
> 149 North Avenue Corporation."

The issue therefore involves the right of a tenant and an owner to negotiate for a reduction of rent and to pay rent in advance after a mortgage is in default. Appellant argues that the new agreement was made either before or simultaneously with the default, and his argument is that December 31st, was a Saturday; January 1st was a Sunday, a holy day; January 2d was Monday, a holiday; January 3d was the first business day and on that date the agreement was made. He seems to figure that the mortgage was not in default until midnight of January 3d. We think it was in default at midnight of December 31st, which would make the default prior to the agreement.

The learned vice-chancellor followed the reasoning of his opinion in *Boteler* v. *Leber, 112 N. J. Eq. 441*. We think that this case goes a bit too far. Whatever may be the law elsewhere, we are of the opinion that in our state the law is that upon a default of a mortgage, without more, the mortgagee is not automatically entitled to the rents of the mortgaged premises. The law on the subject is accurately stated in the opinion for the supreme court by Chief-Justice Brogan, in *Del-New Co.* v. *James, 111 N. J. Law 157,* wherein, in substance, he held that the mortgagee is not entitled to the rent of the mortgaged premises upon default, without more, until and after he takes possession, actual or constructive, or by a receiver duly appointed by the court.

The law as pronounced in the last mentioned case was substantially restated in the recent case of *Badaracco* v. *Gatti*

*Paper Stock Corp., 114 N. J. Eq. 551* (at *p. 554*). The learned vice-chancellor quoting from *In re Wakey, 75 A. L. R.* (at *p. 1526*), says: "* * * By the weight of authority it is held that the mortgagor is entitled to the rent and profits accruing up to the time the mortgagee enters or brings a bill to foreclose or enter * * *."

In the instant case the bill was filed January 9th, 1933. The receiver was appointed February 7th, 1933. The agreement in question was made on January 3d, 1933. In the absence of proof of fraud the mortgagee is not entitled to the rent paid for the month of March, 1933, nor is she entitled to the full amount of the rent reserved, namely, $125 a month for the remainder of the term. Reductions in rent are now common; they have become necessary. Such reductions, legally and honestly made, are binding on the mortgagee. A receiver stands in the shoes of the company. *Depew v. C. W. Depew & Co., 98 N. J. Eq. 461, 462*. The fact that the petitioner is an officer of the court entitles him to no privilege not accorded to other suitors. *Receivers of State Bank v. First National Bank of Plainfield, 34 N. J. Eq. 450, 458*. Petitioner had a complete and adequate remedy at law. No special equity is presented. See case of *Grobholz v. Merdel Mortgage Investment Co. (Court of Errors and Appeals), 115 N. J. Eq. 411*.

The order is reversed; the cause to be remitted to chancery to be proceeded with in accordance with this opinion.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.