The order to show cause restrains the Lawyers and Home-Makers Building and Loan Association and its officers, agents, attorneys and the sheriff of Bergen county from selling premises under foreclosure of mortgage. That order and notice of motion to dismiss the petition upon which same was granted are now before me.
The receiver, by order of the court, is a party defendant in the foreclosure. The foreclosure involves mortgages made by Bessie A. Holden and her husband to the Lawyers and Home-Makers Building and Loan Association covering part of a swimming pool and a dwelling house in the town of Lyndhurst, New Jersey.
The receiver obtained a judgment of $13,000 against the Holdens and subsequently filed a bill in the United States *Page 25 
district court charging that the First National Bank of East Rutherford, through collusion and fraud, obtained title to the mortgaged premises under a fraudulent judgment against the Holdens, and in that suit obtained decree in his favor, so that the lien of his decree will attach to the swimming pool as a whole. What the receiver seeks in the present proceedings is the appointment of a receiver to preserve the property, collect the income, and operate the swimming pool, upon the theory that to permit the portion of the swimming pool covered by the mortgage of the building and loan to be sold at this time under the foreclosure would be destructive of the lien of his judgment for $13,000 in that it would greatly reduce the value of that portion of the pool which is not covered by the mortgage. It is alleged that the swimming pool as a whole was erected at a cost of $68,000, and that sale of one-half under foreclosure of the mortgage would render the unencumbered portion of little value.
There appears to be no irregularity in the foreclosure proceedings, and the fact that the petitioner is an officer of the court entitles him to no greater privilege than that accorded to other suitors. Receiver of the State Bank at New Brunswick
v. The First National Bank of Plainfield, 34 N.J. Eq. 450;Kenney v. 149 North Avenue Corp., 115 N.J. Eq. 314.
It cannot be said that the Building and Loan Association is resorting to unconscionable and oppressive procedure so far as the receiver is concerned. On the contrary, the association is only pursuing an absolute right which it has under the law and statutes of this state, plus the rules of this court. The petitioning receiver was a party defendant in the foreclosure suit and his rights and equities were settled by the final decree of foreclosure, after which the receiver has no right to obstruct the process of the law invoked by the mortgagee for the collection of its debt. W.D. Cashin Co. v. Alamac Hotel Co.,Inc., 98 N.J. Eq. 432.
Where, as here, the procedure in foreclosure is entirely orderly, the court will not interfere. The petition will be dismissed and the order to show cause discharged. *Page 26