Complainant is the owner of a mortgage, created in 1928, on a co-operative apartment house in East Orange. Anna B. Salmond holds a long-term lease on one of the apartments which she took subsequent to, and with notice of, the mortgage. Stock in the corporation which owns the property, is held by Mrs. Salmond and all the other tenants in chief, in amounts proportionate to the value of their respective apartments. They pay rentals adjusted from time to time so as to cover expenses including amortization of the mortgage — a common co-operative plan. In 1938, Mrs. Salmond sub-let her apartment to one Henry L. Allen for a term ending October 1st, 1941, at a monthly rental much in excess of the amount she herself was obligated to pay.
Complainant began foreclosure and on July 22d 1941, procured the appointment of a receiver of the apartment house. Mrs. Salmond and Mr. Allen are parties to the foreclosure suit and were given notice of the application for appointment of a receiver. The receiver collected the rent due by Allen under his sub-lease for the months of August and September, and upon the expiration of the sub-lease relet to Allen at the same rental. He has continued to collect Allen's rent. Mrs. Salmond, who has always been willing to pay the receiver according to the terms of her lease, asks the court to direct him to remit to her the difference between the rent received from Allen and the rent due under her lease, and also to direct the receiver to stop collecting from Allen and instead to accept from Mrs. Salmond the rent due under her lease.
A mortgagee, upon breach of condition, has a right to the possession of the mortgaged premises which he can enforce by an action of ejectment. Since the mortgagee can maintain ejectment, his right of possession runs not only against the mortgagor but against his grantees, lessees, and all persons *Page 389 
whose title is subject to the mortgage. Price v. Smith, 2 N.J. Eq. 516,520. "It follows the tenant may attorn to such mortgagee in order to avoid ejectment and to keep himself in possession of the leased premises." Del-New Co. v. James,111 N.J. Law 157. The appointment of a receiver in the foreclosure suit is a substitute for the ejectment or the taking possession of the property. Stewart v. Fairchild-Baldwin Co., 91 N.J. Eq. 86.
It would appear logically to follow that the receiver has a right of possession equal to that of the mortgagee and that, in the case before me, he could make the continued occupancy of Allen dependent upon payment to the receiver of rent which the receiver reasonably deems proper, namely, the sums mentioned in Allen's lease. But law and logic are not twins.
Established practice confines the receiver of leased property to the collection of rents due the owner of the mortgaged estate, and does not permit him to dispossess tenants in disregard of the terms of their leases. Thus it has been held in a long line of decisions that where rent is payable to the owner monthly in advance, the receiver cannot demand of the tenant rent for the part of the month which is subsequent to the appointment of the receiver. In Kenney v. 149 North Ave. Corp., 115 N.J. Eq. 314,
our Court of Errors and Appeals went a step further. After the mortgage was in default, the owner agreed to reduce the rent and got the tenant to pay him for three months in advance. The receiver, appointed a few days later, demanded the rent which thereafter fell due according to the terms of the original lease. The court sustained the tenant in his refusal to pay, saying, "The receiver stands in the shoes of the company" — that is, the mortgagor, not the mortgagee. Our law is thus brought close to that of New York, where it is held that rights and obligations under a lease continue until foreclosure sale, despite the appointment of a receiver. Prudence Co. v. West 73rd St.Corp. (N.Y.), 183 N.E. Rep. 365; 86 A.L.R. 361; Markantonis
v. Madlan Realty Corp. (N.Y.), 186 N.E. Rep. 862.
The circumstance that Mrs. Salmond is a stockholder of the owner corporation and that its lessees collectively hold all *Page 390 
the stock does not materially affect the situation. Although their representatives, the directors of the corporation, fix the rents in accordance with a formula contained in the leases, the mortgagee does not suggest that the directors have exercised this power in a manner prejudicial to the mortgagee.
The receiver cannot disregard Mrs. Salmond's tenancy. He is not entitled to the rents due her from her sub-lessee. Her motion will be granted.
A similar application is made by Eugene B. Hedden based upon facts which are substantially the same except that he is one of several obligors on the bond secured by complainant's mortgage. The receiver represents all the parties in the suit, including complainant. Complainant suggests that the receiver, as its representative, set-off the amount owing to Hedden on account of rent against Hedden's debt to complainant, on the bond. In reKraeuter, 125 N.J. Eq. 120; 127 N.J. Eq. 19. But the fund primarily liable for the mortgage debt is the land — which does not belong to Hedden. Mann v. Bugbee, 113 N.J. Eq. 434.
Whether or not Hedden is liable for any deficiency cannot be determined in this suit. Montclair Savings Bank v. Sylvester,122 N.J. Eq. 518. It would be inequitable for the receiver to retain Hedden's money for the benefit of complainant, as a precautionary measure.
 Hedden may have his order. *Page 391