· BROKAW *vs.* HUDSON'S EXECUTORS.

1. A gift to A, "or to his heirs," "or to his representatives," is an absolute gift to A, on condition that he is alive on the death of the testator; but, if he dies in the lifetime of the testator, the gift takes effect in favor of the other persons described as substitutes of the primary legatee.

2. In a gift of personal property, where the substitutes of the primary legatee are described by the word "representatives," those will take who have the right to represent the primary legatee as next of kin, under the statute of distribution, and not his executors or administrators.

3. If such next of kin have left a will, the legacy passed by that; if not, the rights of creditors, if he had any, take precedence of those of his next of kin.

4. A gift of a legacy by a creditor to his debtor, whether the debt arose before or after the making of the will, does not, in the absence of any expression showing that the testator intended the gift should have that effect, release the debt, but it may be applied in payment of the legacy.

Final hearing on bill and answer.

*Mr. A. Struble,* for complainant.

*Mr. B. S. Morehouse,* for defendant.

THE VICE-CHANCELLOR.

The object of this suit is to procure a construction of certain parts of the will of Henry C. Hudson, deceased.

The testator made a gift of $2000, payable in gold coin of the United States, to his sister, Susan E. Hudson, "or to her representatives." The legatee died some months before the testator. Did the legacy lapse? It is not saved by the twenty-second section of the statute of wills. *Nix. Dig.* 1031.

There can be no doubt about the rule which must govern the solution of this question. A gift to A, "or to his heirs," "or to his representatives," is an absolute gift to A, on the condition that he is alive on the death of the testator; but if he dies in the life of the testator, the gift takes effect in favor of the other persons described as substitutes of the primary

legatee. *Gittings* v. *McDermott*, 2 *M. & K.* 73 ; 2 *Williams on Ex'rs* 956, *et seq.*

Who will take under the description of representatives? In a gift of personal property, where the substitutes of the primary legatee are described by the word representatives, those will take who have the right to represent the primary legatee as next of kin, under the statute of distribution, and not his executors or administrators. *Drake* v. *Pell*, 3 *Edwards' Ch.* 270 ; *Baines* v. *Ottey*, 1 *M. & K.* 465 ; *Palin* v. *Hills*, *Ib.* 470.

It is alleged in the bill, and admitted by the answer, that David Hudson, a brother of the testator, who died after the testator, was the only next of kin of Susan living on the death of the testator ; he, therefore, took the legacy which Susan would have taken had she survived the testator. The legacy must be paid to his executors or administrators, and not to his widow and children. If he left a will, the legacy passed by that ; if he did not, the rights of creditors, if he had any, take precedence of those of his next of kin.

A gift of $300 is made to Robert H. Morris. Subsequent to the date of the will the testator loaned him $1500 on his promissory note, which is still unpaid. Morris is insolvent. Can the debt due from Morris be applied in payment of his legacy? A gift of a legacy by a creditor to his debtor, whether the debt arose before or after the making of the will, does not, in the absence of any expression showing that the testator intended the gift should have that effect, release the debt, but it may be applied in payment of the legacy. 2 *Roper on Leg.* 1063 ; *Courtenay* v. *Williams*, 3 *Hare* 539 ; *Voorhees* v. *Voorhees' Ex'rs*, 3 *C. E. Green* 227.

On the record, as it now stands, no decree can be made. The suit is clearly defective for the want of necessary parties. Morris, the debtor legatee, is not a party, nor is the residuary legatee. Morris has a right to be heard upon the question, whether the gift of a legacy to him discharged his debt or not ; and the residuary legatee, upon the question of lapse. The

court has no jurisdiction over either of them, and cannot, therefore, make a decree which will bind them.

Unless the complainant shall amend his bill, and bring the necessary parties into court, within a reasonable time, his bill must be dismissed.