## JULIA HARD

*v.*

## ELLEN TURNURE et al.

A non-resident testatrix gave all her estate to her husband for life, " and in the event of his decease, and not till then, to be divided between my step-children," John, William, Julia and James, " or their heirs." William died in the testatrix's lifetime, intestate, and having never been married. The property of the testatrix was all personal. By the statute of distributions of William's domicil, his father was entitled to his personal estate.—*Held*, that at testatrix's death, William's father became absolutely entitled to the estate in remainder given to William, notwithstanding the fact that he was, by the will, also entitled to a life estate therein.

Bill for construction of will. On final hearing on pleadings and proofs, and stipulation of solicitors.

*Mr. R. Wortendyke* and *Mr. J. D. Bedle,* for complainant.

*Mr. A. L. McDermott,* for defendants.

THE CHANCELLOR.

Eliza Turnure, then wife of William P. Turnure, of the city of New York, died in 1866. By her will made in 1852, in that city, where she then resided, and continued to reside up to the time of her death, she disposed of her property in the following terms :

"I hereby give and bequeath unto my beloved husband, William P. Turnure, all and singular my estate, both real and personal, for his sole use and benefit during his natural life, and in the event of his decease, then, and not till then, to be divided between my step-children, John L. Turnure, William A. Turnure, Julia, wife of Melven Hard, and James H. Turnure, or their heirs."

William A. Turnure died in the lifetime of the testatrix, having never been married. The property of the testatrix was, at

her death, all personal. By the statute of distributions of the
state of New York, where William A. Turnure lived and died,.
his father was entitled to his personal estate, in case of his death
intestate. The complainant's counsel insist that, on the death of
William ·P. Turnure, the gift to William A. Turnure went to
those who, by virtue of the statute of distributions of that state,
would have been entitled to his personal estate had he lived
until the death of his father, and died intestate immediately after
that event. In other words, they insist that the time of ascer-
taining who the " heirs " in the gift in question are, is not the
death of the testatrix, but the death of the life tenant. Under a
testamentary gift of personal property to a person, " or his heirs,"
if the primary legatee die in the lifetime of the testator, the prop-
erty will go to those who, at the death of the testator, would be
entitled to the personal estate of the primary legatee under the
statute of distributions. The persons who are to take in such
case are to be ascertained with reference to the time of the death
of the testator, and not the period of distribution. *Hawk. on*
*Wills 92, 94.* So that in the case under consideration, the father
of the primary legatee became entitled, on the death of the tes-
tatrix, to the interest given to that legatee, " or his heirs." The
counsel of the complainant urge, however, that a proper con-
struction of the gift will exclude the life tenant; because they
argue, it is evident, from the language and provisions of the in-
strument, that the testatrix did not intend that her husband
should have anything but the life estate. Generally speaking,.
where there is a bequest to one for life, and after his·death to·
the testator's next of· kin, the next of kin who are to take, are
the persons who answered that description at the death of the
testator, and not those who answered it at the death of the
primary legatee. And it makes no difference that the primary
legatee himself is one of those who answer the description, or is·
the only person who answers it. *Bullock* v. *Downes, 9 H. of*
*L. 1 ; Hawk. on Wills 99, 100.* And so, too, of course, where·
there is a gift to one for life, with remainder to others, or their·
next of kin, in case of the death of a remainderman in the life-
time of the testator, the persons who are to take as such next ·of

kin are to be ascertained with reference to the time of the death of the testator, and not with reference to the time of distribution. *Hawk. on Wills 99.* An exception is made where there is anything in the context to qualify the language, or in the circumstances, to forbid the acceptation of the words in their ordinary meaning. There is nothing in this case to prevent the application of the rule, or to warrant a departure from it. The mere fact that the life tenant would himself be entitled to the remainder, is not enough to create an exception, and there is nothing else here. The remaindermen, it may be remarked, were not the children of the testatrix, but of her husband, and there is no evidence of any disposition on her part to exclude her husband from any share or shares of the remainder to which he might become entitled by law, through the death of one or more of his children. At the death of the testatrix, the gift in remainder in question vested immediately in the person then entitled under the statute of distributions of New York, to William A. Turnure's personal estate.