JOHN D. BARTINE

*v.*

ABRAM DAVIS et al.

[Filed June 5th, 1900.]

A testator devised a share of his estate to his daughter, C., for life, and after her death to her heirs, with a direction that, in case she died without issue, her share should be divided between his other two children, J. and E., "or their heirs."—*Held*, that the children of J. and E., on the death of their parents before C., who died without issue, took her share *per stirpes* and not *per capita*.

On a bill for construction of a will.

*Mr. John D. Bartine,* for the complainant.

*Messrs. Fluck & Parker,* for the defendants.

REED, V. C.

The single question presented is whether the one-third portion of the estate of Josiah Davis, the testator, is divisible among the children of his two children, Josiah and Adeline, *per capita* or *per stirpes;* whether all the children of both Josiah and Adeline take equally or the children of Josiah take one-half of the said one-third portion and the children of Adeline take the other one-half of the said portion.

The clause in the will which calls for construction reads thus:

"I give and bequeath to my daughter Catherine the one third or one share during her natural life, and after her decease to her lawful heirs. And in case she shall have no lawful heirs, then her share to be divided between my other two children Josiah and Adeline or their heirs."

Josiah and Adeline died before Catherine, he leaving eight children and she three children.

The share of Catherine amounted to $1,603.53. She died leaving no heirs.

In my judgment, the children of Josiah and Adeline take *per stirpes.*

The cases which established the rule of construction that a gift to the children of several persons, whether it be to the children of A and B, or to the children of A and to the children of B, they take *per capita,* are not pertinent.

The bequest is not to the children of Josiah and Adeline, but to Josiah and Adeline, or their heirs.

Whenever it appears that the gift to children is substitutional, they generally take by representation the share which their parent would have taken. *2 Jarm. Wills § 195.*

Where the direction was that certain portion of an estate should be divided among the testator's surviving brothers and sisters, and their issue, share and share alike, it was held that

the issue took by substitution for their parents. *Shailer* v. *Groves, 6 Hare 162; Burrell* v. *Baskerfield, 11 Beav. 525.*

The bequest in the present case is to Josiah and Adeline, *or* their heirs.

The word "or" is a word of substitution. *Congreve* v. *Palmer, 16 Beav. 435.*

In the following cases gifts to two or more persons, or their issue or children, were held to be substitutional, and the issue or children took the deceased parents' share. *Price* v. *Lockley, 6 Beav. 180; Timins* v. *Stackhouse, 27 Beav. 434; Gowling* v. *Thompson, 19 L. T. (N. S.) 242; In re Sibley's Trusts, L. R. 5 Ch. Div. 494.*

In addition, as remarked by Chief-Justice Kirkpatrick in *Roome* v. *Counter, 1 Halst. 134,* the term "heir" carries with it the idea of representation.

I have no doubt that Catherine's portion should be divided into two parts, one of which goes to the three children of Adeline in equal shares, and the other to the eight children of Josiah in equal shares.