HARRISON G. WRIGHT

*v.*

JOHN R. GASKILL et al.

[Decided August 6th, 1908.]

1. The words "their issue" in a devise mean the same as "the heirs of their bodies."

2. Where there is a life estate jointly to two or more incapable of having a common heir, and the remainder is to the heirs of their bodies, each ancestor will take a several inheritance in fee-tail in such part as would be the share of the heirs of his body according to the number of joint tenants to whom the freehold is given.

3. Subject to a life annuity to his wife and the use and occupation of his house by her, testator gave his farm to a nephew and niece, or the survivor of them for and during the term of their natural life or lives, and, after their death, to their lawful issue, in fee-simple absolute.—*Held* to intend a division *per stirpes* among their surviving children.

---

On bill for partition. On objections to master's report.

*Mr. Jonathan H. Kelsey,* for the complainant.

*Mr. Aaron V. Dawes,* for the defendants.

WALKER, V. C.

Upon the filing of the master's report in this cause, objections to the same were made in open court on behalf of the defendants

John R. Gaskill and Anna S. Hawkins, under rule 166 of this court, which provides for that course instead of the filing of exceptions.

The question presented for solution concerns the construction of the will of John Gaskill under whom the parties, complainant and defendants, claim by way of devise. It is the fourth item of the will of the deceased of which a construction is sought. The pertinent parts of it read as follows:

"I give and bequeath unto my nephew John Gaskill and my niece Elizabeth P. Gaskill, children of my brother William Gaskill all the farm and plantation whereon I now reside together with all the stock farming implements, Household goods and kitchen furniture at the time of my decease to them or the survivor of them for and during the term of their natural life or lives of them for the said John and Elizabeth P. Gaskill, and after their death to their lawful issue, in fee simple absolute by their paying out of the rents, issues and profits of said farm and plantation aforesaid the sum of four hundred dollars yearly and every year unto my beloved wife Sarah Gaskill during the full term of her natural life in semi annual payments that is to say two hundred dollars every six months. And I do hereby order and direct that the farm and plantation aforesaid shall be held chargeable and subject to the payment of the aforesaid bequest made and given to my said wife, and that my said wife shall have the use and occupation of the said House upon the farm and plantation and all my household goods and kitchen furniture for her own use so long as she may remain upon said farm."

John Gaskill, the testator, died in January, 1856. John Gaskill, one of the life tenants, died in November, 1901, and Elizabeth P. Wright (*née* Gaskill), the other one, died in June, 1907. The testator's widow resided on the premises and received the annuity bequeathed to her until her death in June, 1883. John Gaskill, one of the life tenants, died intestate, leaving his widow, Sara L. Gaskill, and two children, namely, Annie S. Hawkins (*née* Gaskill) and John R. Gaskill, him surviving. Elizabeth P. Wright, the other life tenant, died intestate, leaving her husband, Walter L. Wright, and five children, namely, Harrison G. Wright, Mary R. Hendrickson (*née* Wright), Walter L. Wright, Jr., Bessie G. Wright and Henry H. Wright, and two children of a deceased daughter, Frances B. Potter (*née* Wright), namely, Elizabeth G. Potter and Ida Potter, her surviving.

The bill alleges the interest of the owners of the fee to be *stirpetal,* but the master reported that their interests were *per capita,* except, of course, that the two children of Frances B. Potter divided their mother's share between them.

To ascertain the shares and interests of the parties in the premises it is to be borne in mind that John Gaskill, one of the life tenants had two children, and Elizabeth P. Wright, the other one, had six children, and the question arises, is there to be a *per capita* division so that each child of the two life tenants (and the descendants of the deceased one) shall take an eighth, or is there to be a *stirpetal* division so that the two children of John Gaskill shall take one-half of the whole, or one-fourth each, and the children of Elizabeth P. Wright shall take one-half of the whole or one-twelfth each, the one-twelfth that would have gone to Mrs. Potter going to her two children in shares of one-twenty-fourth each.

We are dealing with a devise of land, and the words in the will give an estate to the testator's nephew and niece for their lives and the life of the survivor, and after the death of the survivor, "to their lawful issue, in fee-simple absolute." Certain conditions, which were performed during the lives of both of the life tenants, were charged upon the lands.

This devise is of a life estate in the first devisees with a remainder to their lineal descendants in indefinite succession and creates an estate tail at common law, and is regulated by the eleventh section of the statute of descent, which gives an estate for life to the first taker, and a remainder in fee to his children in equal shares. *Zabriskie* v. *Wood, 23 N. J. Eq. (8 C. E. Gr.) 541, 551.*

Where there is a life estate jointly to two or more persons, who are incapable of having a common heir (which is this case), and the remainder is to "the heirs of their bodies" (and the words "their issue" in a devise mean the same thing), the ancestors will each take a several inheritance in fee-tail in such part as would be the share of such ancestor's heirs of his body (or issue) according to the number of joint tenants to whom the freehold is given. *25 Am. & Eng. Encycl. L. (2d ed.) 648.* Now, there are two life tenants of the estate in question, each

having an undivided half interest in the whole; therefore, the issue of each, upon the death of their ancestor, succeeds to the estate of their ancestor; that is, each set of heirs succeeds, in this case, to an undivided half of the whole, and their seizin, therefore, is *per stirpes* and not *per capita*.

The master having reported that the parties are entitled to shares *per capita* in the lands devised, his recommendation in that respect will be disregarded, and the decree for sale (to be made in pursuance of his report that the lands are so situate that a partition cannot be made between the parties interested therein without great prejudice), will ascertain, adjudge and declare that the parties are seized of and entitled to the lands and premises described in the bill, in shares and interests *per stirpes;* that is, that the complainant, Harrison G. Wright, and the defendants Mary R. Hendrickson, Walter L. Wright, Jr., Bessie G. Wright and Harry H. Wright are each seized of an undivided one-twelfth part of the premises; the defendants John R. Gaskill and Anna S. Hawkins each of an undivided one-fourth; the defendants Elizabeth G. Potter and Ida Potter, each of an undivided one-twenty-fourth. The estates in dower and curtesy of the other defendants inhere, of course, in the shares of which the above-named defendants are seized, the same as set forth in the master's report.