It will be observed that the present controversy in no way is concerned with the distribution of the corpus of the trust fund. The present inquiry is to determine to whom the income shall be paid which has accrued since the death of Annie Moller Gorham, and which will from time to time hereafter accrue. The direction of testator is that: "The representatives of any of said children [of testator] who may be deceased to have the share of his or her parent." Obviously, the word "representatives," as here used, refers to children of a deceased child of testator, since the words "his or her parent" cannot otherwise be given recognition. Thus *Page 508 
understood, the direction of testator is that the income of the trust fund, as it from time to time accrues, is to be paid to the widow of testator during her life. At her death the income as it from time to time thereafter accrues is to be paid to testator's specified children. At the death of either of testator's said children the share of the accruing income which such child would have been entitled to receive, if alive, is to be paid to the children of such deceased child. The interests which vest under provisions of that nature are well defined in this state. At the death of testator an interest in the income which should accrue during the life of testator's widow vested in her in right and in possession for the period of her life. At the death of testator an interest vested in right in the several children of testator, limited to the period of their respective lives, to receive the income which should accrue after the decease of testator's widow; such several interests became vested in possession upon the death of the widow. These gifts to the children of testator were to them in severally, since the gifts were to the children of testator, nominatim; but the gifts only embraced the right to receive the proportionate share of the income during their respective lives after the death of the widow. At death their interest in the income terminated. In the event of the decease of any of these several children pending the income-paying trust, leaving children, the share of the income which the parent would have received, if alive, was to be paid to the children of such parent so long as the trust continued. This provision for the substitution of the children of a deceased child to receive the share of the income theretofore payable to their parent is a contingent substitutionary gift to a class, the members of which are to be determined at the death of the parent, as distinguished from an original or substantive gift. At the death of the parent a right to receive the share of the income which the parent would receive, if alive, vested in interest and in possession in the members of the class.
The determining factor in this case arises from the circumstance that the substitutionary gift is to a class with no *Page 509 
words of severance or other expression denoting an intent of severance. Gifts of that nature create a joint teancy in the members of the class. At the death of Nellie M. Schrack, leaving three children, the income which would have been payable to her, but, for her death, became payable to her three children; upon the subsequent death of one of them (Annie Moller Gorman) the remaining two in right of survivorship became entitled to receive their mother's share of the income.
The views herein stated will be found adequately supported in the following adjudications in this state: Crane v. Bolles,49 N.J. Eq. 373 (at pp. 381 et seq.); Redmond v. Gummere,94 N.J. Eq. 216 (at p. 219); Hutchinson v. Exton, 53 N.J. Eq.
(at p. 690).