This suit involves the construction of an item of the will of John Stagg, who died testate on February 18th, 1884, leaving him surviving two sons and a daughter. By this item of his will he gave, devised and bequeathed "unto my children, Catherine Stagg, Peter Stagg, John Stagg, Jr., and Maria Stagg Fulton, the use during their natural lives of all and singular" certain real estate "and upon the death of all my said children, then to their respective heirs forever."
Catherine Stagg predeceased the testator. The two sons and the other daughter who had the life interest under the will are all now dead.
Peter Stagg had six children, of whom one daughter now deceased left two children. John Stagg, Jr., had six children all now surviving. Maria S. Fulton had two children of whom one is now deceased. Some of these grandchildren of the testator are married and accordingly their husbands and wives respectively have certain rights of dower and curtesy in and to the property in question.
The question to be determined is as to how the real estate bequeathed by the foregoing provision of the will of the testator descended on the death of the last surviving child of the testator which terminated the trust created by the will. It is the contention of the complainants that the property is to be distributed per capita among the grandchildren of the testator, whereas the defendant Myra F. Veenstra contends that the distribution is per stirpes among the descendants of the testator. Since the three children of testator who enjoyed a life interest in the property left varying numbers of children this question necessarily affects the respective shares to which the parties are entitled in the proceeds of the real estate.
The determination as to the method of distribution of the remainder depends of course on the intention of the testator, who was free to provide according to his wish as to whether the descendants of his own children should all share on an equal basis in the distribution of the corpus of the estate, or whether on the other hand the descendants of each of his *Page 73 
children, whether more or less numerous, should themselves share the one-third interest which their parent enjoyed. As in many similar cases of this character, the testator has not made perfectly clear and definite his intention in this respect and the intention accordingly must be spelled out from such expressions as were used in the will.
In my opinion the distribution should be made per stirpes.
The language of the testator is "that upon the death of all my said children, then to their respective heirs forever." In my judgment the determining factor is the use of the word "respective" as used in connection with the use of the word "heirs."
The word "respective" is defined in Webster's Dictionary as meaning "relating to particular persons or things, each to each; particular; several; as, their respective homes." In the expression in which it is used in the clause under consideration it must accordingly mean the heirs of each child of the testator and relates each heir or group of heirs to his or their ancestor. The implication of the word in this respect is disjunctive and separates each group of heirs from the other groups. In other words, it seems to me the use of the word "respective" necessarily implies a substitutional or representational intention by the testator.
It will be noted that the expression used by the testator is "heirs" referring to the heirs of "my said children." The use of the word "heirs" instead of the word "children" carries with it the idea of representation. Roome v. Counter, 6 N.J. Law 111
(at p. 114).
In the case of Bartine v. Davis, 60 N.J. Eq. 202, the bequest was "to my daughter Catherine during her natural life and after her decease to her lawful heirs and in case she should have no lawful heirs then her share to be divided between my other two children, Josiah and Adeline or their heirs." Josiah and Adeline died before Catherine, Josiah leaving eight children and Adeline three. Catherine died leaving no heirs. The court held that the children of Josiah and Adeline took per stirpes.
The court says that the rule of construction that by a gift *Page 74 
to the children of several persons they take per capita is not pertinent, for wherever it appears that the gift to children is substitutional they take by representation the share which their parent would have taken. The court quotes with approval the expression in Roome v. Counter, supra, that the term "heir" carried with it the idea of representation.
Wright v. Gaskill, 74 N.J. Eq. 742. Here there was a bequest to a nephew and niece for the term of their natural lives and after their death to their lawful issue in fee-simple absolute. Upon the death of the nephew and niece, two children survived the nephew and five the niece. The court held that each set of heirs, namely, the two children of the nephew and the five children of the niece succeeded to an undivided half of the whole, that is to say, they took per stirpes. The court says, page 744:
"This devise is of a life estate in the first devisees with a remainder to their lineal descendants in indefinite succession and creates an estate tail at common law, and is regulated by the eleventh section of the statute of descent, which gives an estate for life to the first taker, and a remainder in fee to his children in equal shares. Zabriskie v. Wood, 23 N.J. Eq. (8C.E. Gr.) 541, 551."
There are several cases cited by complainants' counsel in which the court made a distribution per capita, but examination of these cases shows that in every such instance the will provided that the corpus should be divided equally or used some equivalent expression showing the intention on the part of the testator that all the persons designated as distributees should share alike and accordingly that each of such persons should receive an exactly equal amount irrespective of any variations in number between different groups of the same class.
In Scudder's Exrs. v. Vanarsdale, 13 N.J. Eq. 109, the court says, page 113:
"When the property under a bequest passes to the persons entitled under the statute of distributions to receive it, in the absence of any express direction in the will, it will go in the proportions prescribed by the statute. In such case where *Page 75 
they are not all in equal degree the children of those deceased will take, by right of representation per stirpes and not percapita.
"But the will in this case expressly directs that the fund shall be divided equally among all the heirs. In such case the direction must prevail, and the legatees take per capita."
 Rowley v. Currie, 94 N.J. Eq. 606. Here the provision was that the property was to be divided equally share and share alike among the heirs of the testator and accordingly it was held that the distribution was to be per capita.
In Stoutenburgh v. Moore, 37 N.J. Eq. 63; affirmed on the opinion below, 38 N.J. Eq. 281, the court said:
"If it is doubtful whether he intended the distribution among his grandchildren to be per stirpes or per capita, the court should adopt a construction in favor of the former method, not only as being most probably in accordance with his intention, but also as being in accordance with the policy of the law. The residue should be divided as of the death of Edward, and one-half of it, with the interest thereon since his death, goes to the complainant."
The statute of descent (Comp. Stat. 1921 § 10) is as follows:
"That in case any lands, tenements, hereditaments or real estate, situate, lying or being in this state, shall hereafter be devised by the owner thereof to any person for life, and at the death of the person to whom the same shall so be devised for life, to go to his or her heirs, or to his or her issue or to the heirs of his or her body, then in such case, after the death of such devisee for life, the said lands, tenements, hereditaments or real estate, shall go to be vested in the children of such devisee, equally to be divided between them as tenants in common in fee, and if any child be dead, the part which would have come to him or her, shall go to his or her issue, in a like manner."
Under the decision of Wright v. Gaskill, supra, the division under this section would be per stirpes and not percapita.
There is nothing in the will before me to show any intention that the descendants of the children of the testator were to share equally irrespective of the number of the various groups of descendants of the different children of testator, but on the contrary the use of the words "respective heirs" to my *Page 76 
mind indicates a clear intention on the part of the testator that the descendants of his children should take substitutionally. This necessarily means that the distribution be made perstirpes. Counsel for complainants argues that since another clause in the will relating to other real estate provides that the proceeds from such other real estate shall be "equally divided among my said children share and share alike" that this indicates a similar intention in the clause under consideration; but to my mind the contrary inference should be drawn since it shows that the testator expressly provided for equal distribution where he so intended it and the absence of use of the words "equally" and "share and share alike" from the clause under consideration imports that he did not wish such an equal distribution under that clause.
Another question arises as to the validity of certain leases made by the last survivor of the testator which were made for a term of years. As his death intervened before the expiration of the leases so much of the term of the leases as remained after his death were necessarily void since the only valid leases he could make would be until the termination of his life tenancy.
A decree may be entered in accordance with this opinion.