Complainant seeks a construction of the will of Jonathan Hogate, Sr., deceased, to the end that a decree may be entered *Page 481 
declaring that the trusts set forth in paragraphs 8 and 10 of the will "are dry and inactive and to adjudge that complainant is entitled to receive the principal of said trusts."
Paragraphs 8 and 10 of the will are as follows:
"Eighth — I do hereby order that my executors shall set aside the sum of Fifteen hundred dollars ($1,500.00), to be, by them, held in trust for the use of my son, Harry A., and I hereby further order that from out of the income and principal of said trust fund, my trustees shall pay to my said son, Harry A., the sum of Three dollars ($3.00) each and every week for and during the term of his life or until said trust fund has been exhausted. If, upon the death of my said son, Harry A., there remain any portion of said trust fund, then I hereby order that the same shall go to the legal heirs or representatives of my said son, Harry A."
"Tenth — All the rest, residue and remainder of my estate, I do hereby give, devise and bequeath unto my children, share and share alike, and I hereby further order that if any of my said children shall predecease me, the share of said child shall go to his or her heirs or legal representatives. I hereby further order, however, that the share of my son, Harry A., shall be retained by my executors and by them held in trust in the same manner as the bequest to him set out in paragraph Eighth."
The basis of complainant's contention with respect to the right of the cestui to the corpus of the estate calls for a construction of the will taken as a whole. Complainant's insistment is that when testator provided in item 8 of the will:
"If, upon the death of my said son, Harry A., there remain any portion of said trust fund, then I hereby order that the same shall go to the legal heirs or representatives of my said son, Harry A."
he used the word "representatives" in its common acceptation and that it means the executors and administrators of the cestui
and not those who would take under the statute of distribution, with the result that Harry is presently entitled to the corpus, so that the trust is passive. Camden Safe Deposit and Trust Co.
v. Guerin, 89 N.J. Eq. 556; 105 Atl. Rep. 189, and 2 Lewin onTrusts 858 ¶ 689.
In Howell v. Gifford, 64 N.J. Eq. 180; 53 Atl. Rep. 1074,
Vice-Chancellor Stevens said (at p. 190) that the signification of the words "legal representatives," when *Page 482 
applied to personalty, is executors and administrators, and when applied to real estate, "those upon whom the law casts the real estate immediately upon the death of the ancestor." But he also pointed out that the question to be decided in all such cases was dependent upon the context of the will, i.e., whether it indicated that the testator intended to use the words "legal representatives" in any other than their legal signification, and he cites Stockdale v. Nicholson, L.R. 4 Eq. 359, and says (atp. 188):
"It is settled that the words `personal representatives,' `legal personal representatives' and `legal representatives,' when applied to personal estate unaccompanied by explanatory or controlling words, were to be construed as being equivalent to `executors and administrators,' and that slight circumstances had been allowed to control the general effect of those words."
Page on Wills (Lifetime Ed.) § 1034, points out that the word "representatives" is a word which "may mean almost anything, especially in wills," that while the primary meaning is that of "legal personal representatives," that is, of executors and administrators, still "the context and surrounding circumstances may show that `representatives' means `lineal descendants' or children, or the nearest blood relatives." In support of the text he cites Howell v. Gifford, supra.
In Leavitt v. Dunn, 56 N.J. Law 309 (at p. 311);28 Atl. Rep. 590, the court said that the word "heirs" has "quite uniformly" been construed in New Jersey "according to the nature of the property dealt with and without much regard as to whether it was used in designating original or substituted beneficiaries. When employed in the disposition of personal property it has been generally deemed to indicate the persons appointed by the statute to succeed to such property." Again, "this signification of the word `heirs,' when there is no other guide to its meaning than that it points out the persons who are to receive personal property, is, we think, more likely than any other to reach the actual intention of the parties using it, and therefore should be approved." *Page 483 
The scrivener of the will was evidently versed in the law and while there is a degree of lack of care in phraseology, the indications are that the word "heirs" was used with a view to the fact that the trust corpus consisted of personalty and that testator intended those persons entitled to take under the statute and not his son's executors and administrators, when he used the disjunctive "or representatives."
With the foregoing principle in view, a reading of the entire will for the purpose of gathering testator's intention must be resorted to, and such a reading discloses that testator created three trusts starting with the seventh clause of the will, in the first part of which he gave his Salem home to his wife for life or widowhood and upon her death or remarriage, "to go to my children, share and share alike, the representatives of any deceased child to have the share of his, her or their parent." There is no doubt that by the use of the word "representatives" herein testator meant that the grandchild of a deceased parent took that portion of the fee in the Salem home which would have gone to the parent, if living.
In the second paragraph of clause seven testator directed that $1,000 be set aside in trust and the income at the rate of $5 per week be paid to his widow during her lifetime or until remarriage, until the fund might be exhausted, and further provided that upon the death or remarriage of his widow "whatever may be left of said trust fund is to go to my children, share and share alike, the representatives of any deceased child to have the share of his, her or their parent." This language is very similar to that in the case of Camden Safe Deposit and TrustCo. v. Fricke, 99 N.J. Eq. 506; 133 Atl. Rep. 882, in which Vice-Chancellor Leaming said (at p. 507):
"The direction of testator is that: `The representatives of any of said children (of testator) who may be deceased to have the share of his or her parent.' Obviously, the word `representatives,' as here used, refers to children of a deceased child of testator, since the words, `his or her parent' cannot otherwise be given recognition."
We conclude, therefore, that in the second paragraph of item 7 above discussed, testator intended the word "representatives" *Page 484 
to mean that grandchildren should take the share of the deceased child and not the executors and administrators of the deceased son.
We now come to paragraph 8 of the will, in which testator set aside $1,500 in trust, to be paid to his son Harry at the rate of $3 per week during his lifetime or until the fund might be exhausted, and upon the death of Harry, "then I hereby order that the same shall go to the legal heirs or representatives of my said son, Harry A." By the use of the word "heirs" in connection with a gift of personalty we have already pointed out is usually meant those entitled to take under the statute of distribution. In addition, see Brokaw v. Hudson's Executors, 27 N.J. Eq. 135:
"In a gift of personal property where the substitutes of the primary legatee are described by the word `representatives,' those will take who have the right to represent the primary legatee as next of kin under the statute of distributions, and not his executors or administrators.
"If such next of kin have left a will, the legacy passed by that; if not, the rights of creditors, if he had any, take precedence of those of his next of kin."
The use of the words "heirs or representatives" negatives the thought that testator meant that there should be an alternative gift, i.e., a gift either to those entitled to take by the statute of distribution or the grandchild's executors and administrators, so that he must have used the disjunctive "or" in the conjunctive sense. To give effect to both "heirs" and "representatives" we must conclude that testator had intended that on the death of the son the grandchild should take and not their executors and administrators.
The evident intention of testator throughout the will, outside of provisions for his widow, was to take care of his children living at the time of his decease, and in the event of the death of one or more of his children before distribution, that the deceased child's share be given to the surviving children of that child. He shows no intention to otherwise deal with Harry's share in the event of the death of that son. Testator did not want Harry to have the disposition of either *Page 485 
his legacy in the eighth clause or his share of the residuary in the tenth clause, but this is not evidence that the testator wanted the beneficial interest of the share of Harry to go to other than Harry's children in the event of Harry's decease. It seems sure that the testator did not create a quasi-spendthrift trust for Harry and use the word "representatives" so as to mean Harry's executors and administrators, and thereby enable Harry to terminate the trust.
It will be observed that by the ninth clause of the will testator directed his executor to sell all of his real estate not otherwise disposed of by the will so that the residuary estate disposed of in the tenth item consisted of personalty.
The last trust created by the will must be considered in connection with the foregoing and what has been heretofore said. Testator, in item 10 of the will, disposed of all the rest, residue and remainder of his estate and gave it to his children "share and share alike" and then provided that if any of said children shall predecease testator, the share of said child shall go to his or her "heirs or legal representatives." He then provided that "the share of my son, Harry A., shall be retained by my executors and by them held in trust in the same manner as the bequest to him set out in paragraph eighth." Again, testator, in the primary gift of the legacy to his children, provides that on the death of a child, that parent's share shall go to the grandchild, "his or her heirs or legal representatives," and once more it is evident that testator intended the words "heirs or legal representatives" to mean the substitutionary takers of the fund and not their executors and administrators, and the gift of Harry's share over goes to his children on Harry's death under the same reasoning as heretofore adopted in paragraph 8 of the will.
From the foregoing it is concluded that the trusts set forth in paragraphs 8 and 10 of the will are not "dry and inactive" and that complainant is not entitled to receive the principal of said trusts. Such will be the decree. *Page 486