26 N.J. Super. 240 (1953)
97 A.2d 718
J. ASHLEY BROWN, ADMINISTRATOR, ETC., PLAINTIFF-APPELLANT,
v.
AARON K. NEELD, DEPUTY DIRECTOR, ETC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1953.
Decided June 12, 1953.
*242 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. Robert S. Snevily argued the cause for the appellant (Messrs. Snevily & Ely, attorneys).
Mr. William A. Moore, Deputy Attorney-General, argued the cause for the respondent (Mr. Theodore D. Parsons, Attorney-General, attorney)
The opinion of the court was delivered by BIGELOW, J.A.D.
This appeal presents an interesting question of interpretation of the last will of Clarence Birdsall, who died in 1929. Was the equitable bequest to his daughter, Nina B. Brown, given by the Third paragraph of his will, defeated by her death in 1951? Or had the bequest vested in her indefeasibly? The Division of Taxation concluded that the bequest was indefeasible and was part of Mrs. Brown's estate, and assessed against her estate a transfer inheritance tax in respect thereto. Mrs. Brown's administrator appeals.
The pertinent part of the Birdsall will reads:
"Third: I leave in trust the sum of two hundred thousand (200,000.00) dollars, the interest therefrom to go to my wife, Catherine B. Birdsall, as long as she remains my Widow and this trust fund to continue in force until June 1, 1958 and then to be divided equally between my Son, John M. Birdsall and Daughter, Nina B. Brown or their legal heirs. At the death or marriage of my Widow, Catherine B. Birdsall, prior to June 1, 1958, the interest from this fund to be divided between my Son, John M. Birdsall, and my Daughter, Nina B. Brown, equally or their heirs."
Testator's widow was given the income of the fund for a term of years, that is, until June 1, 1958, subject to being *243 cut down by her remarriage or death prior to that date. She survived her husband, the testator; did not remarry, and died June 23, 1946.
The principal fund on June 1, 1958 is "then to be divided equally between" testator's children, John and Nina, "or their legal heirs." Meanwhile, the income from the time of Mrs. Birdsall's death until June 1, 1958 is to be divided between testator's two children "or their heirs." Both children survived their parents; John still lives; Mrs. Brown has passed away.
The deputy director argues first that the expressions "or their legal heirs" and "or their heirs" should not be considered words of purchase but should be regarded as words of limitation, indicating testator's intent that his children's interest is absolute, the equivalent of a fee in real estate. This would be an incongruous construction applied to the bequest of the income limited as it is to a term which will come to a close in 1958. Furthermore, such an interpretation would require reading the word "or" as if it were "and," for the word "or" in the phrase "or their heirs" clearly implies a substitution. Gittings v. McDermott, 2 Myl. & K. 69; 39 Eng. R. 870 (Ch. 1833); Hand v. Marcy, 28 N.J. Eq. 59 (Ch. 1877). A departure from the words actually employed by a testator is not made except when necessary to give effect to what was clearly his intention. Cody v. Bunn, 46 N.J. Eq. 131 (Ch. 1889).
We have no doubt that testator intended an equal division between his son and daughter, but in the event of the death of either the share of the one dying should go to his or her "heirs." On a bequest of personalty to the "heirs" of a person, those take who are entitled to his personal estate under the statute of distributions. Hard v. Turnure, 39 N.J. Eq. 121 (Ch. 1884); Hogate v. Hogate, 132 N.J. Eq. 480 (Ch. 1942). The insertion of the adjective "legal," so that the term is "legal heirs," does not in our opinion, denote a different testamentary intention. The distributees take in the proportions prescribed by the statute. Scudder's Ex'rs. v. Vanarsdalc, 13 N.J. Eq. 109 (Ch. 1860); Sandford v. *244 Stagg, 106 N.J. Eq. 71 (Ch. 1930). And see Page on Wills, § 1065.
Did testator intend that, whether or not Mrs. Brown survived him, the persons whom he described as her heirs should take in her place if she died prior to June 1, 1958? Generally, where there is a gift to "A or his heirs" or to "A or his issue" or the like, or where there is a gift to "A, but in the event of his death, then to his heirs" or words to that effect, if A does not survive to the period of distribution, then his heirs, or other similar class, are substituted as legatees in A's place. Restatement Property, §§ 252, 253. Boggs v. Boggs, 69 N.J. Eq. 497 (Ch. 1905); Security Trust Co. v. Lovett, 78 N.J. Eq. 445 (Ch. 1911); Schmieder v. Meyer, 97 N.J. Eq. 335 (E. & A. 1925). We find no sufficient reason for believing that Mr. Birdsall intended that there should be no substitution of beneficiaries unless Mrs. Brown predeceased him, or predeceased her mother.
A few words relative to the income. Since Mrs. Brown survived her mother, the gift of income to her became effective in enjoyment, and it may well be argued that she or her administrator thereupon became entitled to the income to June 1, 1958, despite her death in 1951 and regardless of any disposition of the trust corpus. But we are satisfied that this was not the intention of testator. Mrs. Brown's death cut short her right to the income and transferred the right to her "heirs." In re Smisson, 79 N.J. Eq. 233, 240 (Ch. 1912).
No interest in the fund, income or corpus, was transferred as a part of Mrs. Brown's estate. The determination of the Division of Taxation is reversed.